# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02776-RGK-E | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Robin Augustine v. Securitas Security Services USA, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Remand (DE 12)

## I. INTRODUCTION

On February 13, 2018, Plaintiff Robin Augustine ("Augustine") filed a Complaint against Defendant Securitas Security Services USA, Inc. ("Securitas") in Los Angeles Superior Court. The Complaint asserts the following claims: (1) Violation of the California Industrial Welfare Commission ("IWC") Wage Order 4-2001 § 11 and California Labor Code ("Labor Code") §§ 200, 203, 226.7, and 512 for failure to provide meal periods; (2) violation of Labor Code § 226.7 for failure to provide rest periods; (3) declaratory relief under IWC Wage Order 4-2001 and Labor Code §§ 226.7 and 512; (4) violation of Labor Code § 226 for failure to provide accurate wage statements; (5) unlawful business practices under Cal. Bus. & Prof. Code § 17200; and (6) violation of Labor Code §§ 1994, 1197, and 1197.1 for failure to pay overtime compensation.

Securitas removed the action to this Court on April 4, 2018 on the grounds that Augustine's claims are preempted by federal law, namely Section 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. § 185 ("Section 301"). Augustine now moves to remand the action for lack of subject matter jurisdiction.

For the following reasons, the Court **GRANTS** Augustine's Motion to Remand.

## II. FACTUAL BACKGROUND

The following facts are asserted in Augustine's Complaint:

Augustine is a non-exempt employee at Securitas. He was hired in 2014 and works as a security guard. Augustine and the other security guards signed an agreement providing for paid, on-duty meal periods. The agreement did not discuss a right to off-duty meal periods. Augustine routinely worked for

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02776-RGK-E | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Robin Augustine v. Securitas Security Services USA, Inc. et al.* | | |

over five hours without any off-duty meal period or compensation for a missed meal period as provided in Labor Code § 512(a) and IWC 4-2001. In addition, Augustine routinely worked for over four hours without a proper rest period or compensation for a missed rest period as provided in Labor Code §226.7. Augustine also worked over eight hours in a workday or over forty hours in a workweek for Securitas, yet Securitas failed to pay Augustine for his overtime hours. As a result of the missed meal periods, rest periods, and overtime pay, Securitas provided inaccurate itemized wage statements.

### III. JUDICIAL STANDARD

"Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand [to state court]." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003); 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Defendant's asserted basis for removal is federal question jurisdiction, which generally requires that a federal claim appear on the face of the plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1331. Thus, a plaintiff may "generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Under the complete preemption doctrine, however, a state law claim is treated as arising under federal law if it is completely preempted by federal law. *Id.*; *Caterpillar Inc.*, 482 U.S. at 393.

The complete preemption doctrine applies to claims under the LMRA. Section 301 of the LMRA preempts claims under two circumstances. First, Section 301 preempts claims "founded directly on rights created [solely] by collective-bargaining agreements." *Id.* at 394; *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Second, even if the rights exists independently of the collective-bargaining agreement ("CBA"), Section 301 preempts claims that are "substantially dependent on analysis of a [CBA]." *Id.* (citing *Caterpillar Inc.*, 482 U.S. at 394).

### IV. DISCUSSION

As an initial matter, the Court addresses Securitas's argument that Augustine failed to comply with Local Rule 7–3's meet and confer requirements. Augustine's notice of motion did not state whether or when he met and conferred with Securitas regarding his motion. As Augustine provides no explanation or response to Securitas's argument in his motion papers, the Court can only conclude that he violated Local Rule 7–3. While the Court does not condone such blatant disregard for its Local Rules, the Court will consider Augustine's motion on the merits as it bears on this Court's subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-02776-RGK-E | Date | June 04, 2018 |
| Title | *Robin Augustine v. Securitas Security Services USA, Inc. et al.* | | |

It is undisputed that Augustine's employment with Securitas was governed in part by a CBA. At issue is whether Augustine's claims are so intertwined with the CBA as to be preempted by Section 301 of the LMRA. Augustine maintains that his claims are based on state law entirely independent of the CBA. Securitas counters that Augustine's meal period and overtime claims are preempted by Section 301 because they are either (a) based solely on the CBA or (b) substantially depend on interpretation of the CBA, and therefore preempted by Section 301. Securitas further argues that Augustine's wage statement, declaratory relief, and unlawful business practices claims are preempted because they are derivate of Augustine's meal period and overtime claims. The Court finds Section 301 does not preempt Augustine's claims for the reasons explained below.

### A. Whether the Rights at Issue are Independent of the CBA

To determine whether a right inheres in state law or the CBA, the court considers "the legal character of [the] claim, as independent of rights under the [CBA], and not whether a grievance arising from precisely the same set of facts could be pursued." *Burnside*, 491 F.3d at 1059–60. "Reliance on the CBA as an aspect of a defense is not enough to inject a federal question into an action that asserts what is plainly a state-law claim." *Id.* at 1060.

As Augustine argues, the right to meal periods and overtime pay inheres in Labor Code §§ 512(a) and 510, respectively. Securitas, however, counters that exemptions provided in Labor Code §§ 512(e) and 514 apply, such that the asserted rights can arise only from the CBA. Augustine disputes whether statutory exemption can be a basis for preemption.

Courts are not uniform on this issue. Some have found that where a statutory exemption to the Labor Code applies, the plaintiff's asserted rights must arise exclusively out of the CBA, and therefore the plaintiff's claims are preempted. *See, e.g., Buckner v. Universal Television, LLC*, No. CV 17-6489-R, 2017 WL 5956678, at * 2 (C.D. Cal. Nov. 30, 2017) (citing *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1096 (N.D. Cal. 2014)). It appears that the balance of decisions in the Central District, however, have held that statutory exemption under Labor Code §§ 512(e) and 514 is an affirmative defense, and its mere assertion cannot support Section 301 preemption. *See, e.g., Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014) (citing *Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002)). The Court finds these latter cases persuasive and applies their reasoning here.

As the Court in *Vasserman* reasoned, even if Securitas's statutory exemption defense "ultimately prevails, [Augustine's] claim[s] [are] premised on state law rights afforded by § 510 [and § 512], not on rights created by the CBA." *Id.* at 955. Thus, Augustine's meal period and overtime claims are not preempted on this ground.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02776-RGK-E | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Robin Augustine v. Securitas Security Services USA, Inc. et al.* | | |

### B.  Whether the Claims are Substantially Dependent on Interpretation of the CBA

"Substantial dependence" means the state law claim "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001). Courts narrowly construe the meaning of "interpret." A claim that merely requires the Court to "look to" the CBA is not preempted. *Burnside*, 491 F.3d at 1060. For example, "when the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

The application of a statutory exemption can render a Labor Code claim substantially dependent on analysis of a CBA under certain circumstances. The defendant must identify a specific provision of a CBA that is disputed and that the Court must interpret in order to determine whether the relevant exemption applies.

In *Raphael*, for example, the defendant "affirmatively presented the court with a plethora of provisions . . . throughout the eight separate CBAs [at issue]," and showed that the court must interpret specific terms within those provisions to determine whether the statutory exemptions applied. *Raphael v. Tesoro Refining and Marketing Co. LLC*, No. 2:15-cv-02862-ODW (Ex), 2015 WL 3970293, at *6 (C.D. Cal. June 30, 2015). Because there was a dispute regarding relevant terms of the CBAs, the court found the plaintiffs' claims were substantially dependent on analysis of the CBA and were therefore preempted. *Id.* at *7.

In contrast, the court in *Vasserman* found the plaintiff's Labor Code claims were not preempted because the CBA's provisions were "clear and [would] not require interpretation to determine if the exemption applies." *Vasserman*, 65 F. Supp. 3d at 958 n.72. Similarly, in *Dedic*, the court found no preemption where the "defendant [did] not convincingly demonstrate, with reference to particular provisions, why . . . determination [of the claims] would require interpretation [of the CBA's provisions]." *Dedic v. Securitas Sec. Servs. USA, Inc.*, No. 5:17-CV-06728-HRL, 2018 WL 2096269, at *6 (N.D. Cal. May 7, 2018).

The present case is more analogous to *Vasserman* and *Dedic* than *Raphael*. Securitas argues the Court must interpret Section VIII of the CBA to determine whether the statutory exemptions to the Labor Code apply, and if so, whether Augustine was entitled to an off-duty meal period or overtime pay under the CBA, how to calculate overtime pay under the CBA, and whether Augustine's claims must be arbitrated. But Securitas does not identify any specific term of the CBA that is in dispute. Securitas also inadequately demonstrates that any term must be interpreted rather than simply referenced to resolve

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02776-RGK-E | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Robin Augustine v. Securitas Security Services USA, Inc. et al.* | | |

Augustine's claims. As such, Securitas fails to establish that Augustine's meal period and overtime claims substantially depend on interpretation of the CBA.

### C. Remaining Claims

Securitas did not directly address Augustine's rest period claim. To the extent Securitas argued that claim was preempted, its arguments fail for the reasons stated above. Securitas's only basis for arguing the Court has subject matter jurisdiction over Augustine's declaratory relief, wage statement, and unfair business practices claims is that they are derivative of the meal period and overtime claims. Because neither the meal period nor overtime claims are preempted, Augustine's remaining claims are also not preempted.

Securitas may be able to defeat Augustine's claims through its statutory exemption defense, but it cannot create federal jurisdiction. As Securitas failed to establish that the Court can exercise federal jurisdiction over any of Augustine's claims, the Court **GRANTS** Augustine's Motion to Remand.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Augustine's Motion and **remands** the case to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer